**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:19-CV-00162-HBB**

**BRIDGET WOMACK**                                                                                  **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Bridget Womack ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both Plaintiff (DN 12) and Defendant (DN 17) have filed a Fact and Law Summary.   For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).   By Order entered October 11, 2018 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on March 6, 2016 (Tr. 20, 204, 221-22, 238). Plaintiff alleged that she became disabled on July 27, 2015, as a result of depression, anxiety, back pain, type 2 diabetes, osteoporosis, degenerative arthritis, moderate to severe mitral and tricuspid regurgitation, tachycardia, diabetic neuropathy, and small cell carcinoma of her skin on her face (Tr. 20, 204-05, 209, 222-23, 315, 338). These claims were initially denied on August 3, 2016, and the denials of the claims were affirmed upon reconsideration on November 15, 2016 (Tr. 20, 219-220, 237-38).[1] Administrative Law Judge David Peeples ("ALJ") conducted a video hearing from Paducah, Kentucky on July 23, 2018 (Tr. 20, 42). Virtually present at the hearing, from Madisonville, Kentucky, was Plaintiff and her counsel Sara Martin Diaz (Tr. 20, 42). During the hearing, Theresa Wolford testified as a vocational expert (Tr. 20, 43, 47).

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 30, 2020 (Tr. 22). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 27, 2015, the alleged onset date (Tr. 23).

At the second step, the ALJ determined, since the application date, that Plaintiff has the following severe impairments: back condition, depression, and anxiety (Id.). The ALJ also considered Plaintiff's obesity, diabetes, arthritis, mitral and tricuspid regurgitation, tachycardia, chronic obstructive pulmonary disease, squamous cell carcinoma and borderline hearing loss, and the ALJ concluded that these ailments do not rise to the level of severe impairments (Tr. 23-24).

---

1  The ALJ lists the dates of denial and reconsideration as August 5, 2016, and November 18, 2016, respectively (Tr. 20). After review of the record, the correct dates are those used by this Court (*see* Tr. 219-220, 237). This appears to be simple typographical errors.

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 24).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), because Plaintiff cannot climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; Plaintiff may frequently reach overhead with the right upper extremity; Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, wetness, vibration, and hazards; Plaintiff can understand and remember simple instructions; Plaintiff can sustain attention for extended periods of two-hour segments for simple tasks; Plaintiff can interact appropriately with co-workers, supervisors, and the public; and Plaintiff can adapt to normal workplace changes (Tr. 26).   The ALJ found that Plaintiff is unable to perform any past relevant work (Tr. 30).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 30).   The ALJ found that Plaintiff is able to perform a significant number of jobs that exist in the national economy (Id.).

Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 27, 2015 through the date of the decision (Tr. 31).   Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 14).   The Appeals Council denied Plaintiff's request for review (Tr. 1-3).   Plaintiff's complaint to this Court followed thereafter (DN 1).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

>       5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to ALJ's Classifications of Impairments

   1. Arguments of the Parties

Plaintiff asserts that "[t]here was not substantial evidence to support the ALJ's classification of impairments as 'severe' or 'not severe'" (DN 12 PageID 2136). To substantiate this statement, Plaintiff claims two errors by the ALJ: (1) "the vague reference to [Plaintiff's] 'back condition' completely fails to properly describe the severity of [Plaintiff]'s impairment;" and (2) the ALJ "failed to consider … [Plaintiff]'s diabetes, neuropathy, [chronic obstructive pulmonary disease], osteoarthritis in multiple sites including [Plaintiff's] shoulder, tachycardia with tricuspid and mitral valve regurgitation as severe impairments" (DN 12-1 PageID 2140). From Plaintiff's perspective, Plaintiff's "additional conditions should be found to be severe and further limiting to her RFC" (DN 12-1 PageID 2143).

In contrast, Defendant repeatedly relies on the C.F.R.'s explanation that Plaintiff bore the ultimate burden of proof on the issue of disability and asserting that Plaintiff failed to meet the burden for the disability restrictions she sought (DN 17 PageID 2160, 2166, 2168, 2172-74). Defendant also discusses that Plaintiff shows the "complexity" of her back condition, but subsequently fails to demonstrate where the ALJ failed in considering the severity (DN 17 PageID 2160). Further, Defendant notes how the ALJ's determination continued to consider Plaintiff's back condition and even going so far as to state "the ALJ addressed the type of detail that Plaintiff claims was missing" (DN 17 PageID 2161). Defendant's argument recounts the considerations

of the ALJ's determination and notes where the ALJ's purported lack of description as to the severity of Plaintiff's condition exceed the claims by Plaintiff (DN 17 PageID 2159-2162).

2. Discussion

At the second step in the sequential evaluation process, a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement, the claimant must demonstrate the impairment or combination of impairments "significantly limit" her physical or mental ability to do "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).

The undersigned finds it unnecessary to decide whether the ALJ erred in failing to properly determine if Plaintiff's medically determinable impairments are severe or non-severe. The Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the administrative law judge should consider both the severe and non-severe impairments in the remaining steps. See Anthony

v. Astrue, 266 Fed. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)). Thus, once a severe impairment is found, the administrative law judge must consider the "*combined effect*" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1523(c) (emphasis added), 404.1545(a)(2); Simpson v. Comm'r of Soc. Sec., 344 Fed. Appx. 181, 190-91 (6th Cir. 2009); White v. Comm'r of Soc. Sec., 312 Fed. Appx. 779, 787 (6th Cir. 2009). These procedural requirements serve both to ensure adequacy of review and give Plaintiff a better understanding of the disposition of her case.

According to the regulations, upon determining that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation outlined above. Maziarz, 837 F.2d at 244. Here, the ALJ found that Plaintiff suffered from the severe impairments of depression, anxiety, and Plaintiff's spinal fusion—where the ALJ's alleged improper description as a "back condition" is discussed in the next paragraph (Tr. 23). Accordingly, the ALJ continued with the remaining steps in the disability determination. Because the ALJ considered the limitations imposed by Plaintiff's medically determinable severe and non-severe impairments in determining whether she retained sufficient RFC to allow her to return to her past relevant work and to other jobs in the national economy (Tr. 23-31), the ALJ's failure to find that Plaintiff's impairments are "severe" within the meaning of the regulations could not constitute reversible error. Maziarz, 837 F.2d at 244.

Additionally, the ALJ's alleged failure to "properly describe the severity of [Plaintiff]'s [back] impairment" (DN 12-1 PageID 2140) is cured, if any failure was actually present, by the ALJ's subsequent and cumulative analysis of all the Plaintiff's impairments, pursuant to the

remaining steps of the of the disability evaluation process, and by the ALJ's analysis that Plaintiff "reported she had a lumbar spinal fusion in 2014, but her back pain worsened after that" and "she is now in pain 80% of [the] time, with her muscles feeling like they were twisted due to arthritis" (Tr. 27).  The ALJ later described an MRI result from September 28, 2017, which "showed evidence of the posterior spinal fusion at L4-5 and spondylotic changes with facet arthrosis with small joint effusions within the apophyseal joint at L4-5 but was otherwise unremarkable" (Tr. 27-28) (citing 1054-1066).  Therefore, Plaintiff's claim is without merit.

Challenge to ALJ's Recognition of the Combined Effects of Impairments

1. Arguments of the Parties

Plaintiff's argument under this challenge is less an independent ground for remand and more akin to a supplemental paragraph to support the previous challenge.  Plaintiff asserts that "the medical records make clear that [Plaintiff]'s physical condition would not have enabled her to have been a reliable full-time employee at any level of exertion" (DN 12-1 PageID 2143). Plaintiff simply claims "[t]he ALJ erred in his determination as to whether [Plaintiff's] severe impairments; in combination or alone; would render [Plaintiff] disabled" (Id.).

Defendant responds to Plaintiff's arguments in tandem with the prior challenge and contends that "Plaintiff's argument that the ALJ erred in considering whether some of [Plaintiff's] other impairments were severe meet a similar fate" (DN 17 PageID 2162).  Subsequently, Defendant went sequentially through each consideration of the ALJ determination and ultimately claims "Plaintiff ignores the ALJ explicitly acknowledged each of those impairments and reasonably considered the record in finding that they were not severe" (DN 17 PageID 2165-66). Furthermore, Defendant contends that "[e]ven if the evidence Plaintiff cited showed she was

diagnosed with those condition or had symptoms, the evidence is insufficient to show that she had severe impairments resulting in additional functional limitations" (DN 17 PageID 2166).

2. Discussion

Certainly, the ALJ is required to consider the combined effect of a claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523. Discussing multiple impairments individually does not mean the ALJ failed to consider the combined effect of those impairments where the ALJ specifically referred to a "combination of impairments" in finding the claimant does not meet the listings. Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990) (citing Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987)). Here, the ALJ discussed Plaintiff's multiple impairments individually but, at the third step, he also specifically referred to a "combination of impairments" in finding Plaintiff does not meet the listings (Tr. 24-30, Finding Nos. 4-5). Therefore, Plaintiff's argument lacks merit.

## Challenge to ALJ's RFC Determination

1. Arguments of the Parties

Plaintiff asserts that "[t]he ALJ failed to recognize the limiting effects of [Plaintiff]'s conditions as supported by objective medical evidence" (DN 12-1 PageID 2144). To bolster this claim, Plaintiff specifies the treatments she undergoes for her conditions, and, according to Plaintiff, leads to a conclusion that even a sedentary career—like the coding position she held at Baptist Health—would be too physically taxing (Id.). Ultimately, Plaintiff concludes "[t]here is absolutely no indication anywhere in the record that [Plaintiff] retained the ability to perform light work which requires an ability to be on her feet for prolonged periods of time—up to six hours of an eight-hour work day" (Id.) (emphasis omitted).

Conversely, Defendant recounts the extended RFC consideration by the ALJ, with specific explanations for each condition (DN 17 PageID 2167-73). Defendant states that "[a] fair reading of the ALJ's decision as a whole shows that the ALJ adequately addressed [Plaintiff's] combined impairments in assessing the RFC finding" (DN 17 PageID 2173) (citing Hill v. Comm'r of Soc. Sec., 560 Fed. App'x. 547, 551 (6th Cir. 2014). Even then, Defendant prefaces the entire argument by claiming "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered" (DN 17 PageID 2167) (citing Simons v. Barnhart, 114 Fed. App'x. 727, 733 (6th Cir. 2004).

    2. Discussion

The RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The ALJ makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929. Thus, in making the RFC finding, the ALJ must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a), 416.927(c), 416.929(a). While opinions from treating and examining sources are considered on the issue of RFC, the ALJ is responsible for making that determination. 20 C.F.R. §§ 404.1527(d), 416.927(d).

There is a difference between a medical opinion and a RFC assessment prepared by the ALJ. The medical opinion is submitted by a medical source and expresses impairment-related functional limitations. 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(1), 416.913(a)(2), 416.927(a)(1). By contrast, the RFC assessment is the ALJ's ultimate finding of what the

claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946.

In assessing a claimant's RFC, the ALJ must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p. A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the ALJ must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the ALJ must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

A plaintiff's level of daily activity is a factor which the ALJ may consider in determining the extent to which pain is of disabling severity. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider

12

household and social activities in evaluating complaints of disabling pain.). The frequency that plaintiff has sought treatment for the allegedly disabling impairments is a factor that may be considered in assessing her subjective complaints. 20 C.F.R. §§ 404.1529(c)(3)(v) and 416.929(c)(3)(v). Another factor that may be considered is whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . .". 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). Another factor that may be considered is the medication used to alleviate the alleged pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Mild medication and infrequency of dosages taken by the claimant do not bear out claims of debilitating pain. *See* Maher v. Sec'y of Health & Human Servs., 898 F.2d 1106, 1109 (6th Cir. 1989).

As noted above, review by this Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (citation omitted).

In the present matter, the ALJ gave the State agency medical consultants "significant weight" when reviewing the combination of their opinions (Tr. 28). The ALJ utilized all of the consultants' opinions to craft the RFC, utilized the RFC opinion of light exertion, and the ALJ even added a restriction to "avoid extreme heat … to prevent exacerbations of the claimant's non-

13

severe COPD," which was in disagreement with the consultants' opinion that Plaintiff could have unlimited exposure to extreme heat, humidity, noise, and pulmonary irritants (Tr. 28); *see also* (Tr. 24, 48, 98-99, 222-237, 1772-1895, 1896-2045).

Furthermore, Plaintiff complained about significant back pain, but the ALJ noted that this was predominantly occurring at night, and "while [Plaintiff] has been prescribed narcotic medication, her condition has not been so severe as to warrant further surgery" (Tr. 27, 758, 761). When reviewing Plaintiff's claims about her spinal fusion, the ALJ recounted that Plaintiff does take pain medication to assist in the treatment, but the "course of treatment has been conservative, even to the point of denying physical therapy" (Tr. 28, 761). Turning to Plaintiff's depression and anxiety, the ALJ discussed the symptoms Plaintiff has asserted, but also noted that Plaintiff "has retained the ability to independently perform activities of daily living," and "has not been hospitalized or institutionalized" (Tr. 28, 579-587, 672-766, 840-912, 1067-1126).

Additionally, the State agency psychological consultants were awarded great weight in their opinion that Plaintiff "had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration. They opined the claimant had the ability to understand and remember simple instructions; attend and concentrate for periods of 2 hours as is required in the workplace; interact appropriately with peers and supervisors; and adapt to normal workplace changes" (Tr. 29) (citations omitted). The ALJ also reviewed the opinions of all the other medical consultants in the record, as well as the personal reports from Plaintiff's family (Tr. 29-30). The ALJ awarded some weight to Dr. Mark Burns, who opined that Plaintiff had no real limits to her activities (Tr. 29, 562-67). Ultimately, the ALJ

14

concluded by stating that the RFC was supported by testimony, expert opinion, medical records, and the file as a whole (Tr. 30).

Upon review of the ALJ's determination, as well as the entirety of the record, the ALJ's determination is supported by substantial evidence, and the ALJ comported with all applicable law in determining Plaintiff's RFC.   Therefore, Plaintiff's claim fails.

### Challenge to ALJ's Decision Not to Issue a GRID Ruling

1. Arguments of the Parties

Plaintiff's final claim is predicated on no law and minimal facts.  In her claim, Plaintiff asserts that she would have been issued a fully favorable decision if the ALJ had properly used a GRID ruling (DN 12-1 PageID 2145).   The only facts that are asserted by the Plaintiff is that the vocational expert testified that Plaintiff does not have any transferable job skills within a simple, sedentary RFC (Id.).  Even then, without any persuasive basis, Plaintiff claims "it is highly suspect that the ALJ intentionally avoided a GRID ruling by finding [Plaintiff], who had already unsuccessfully attempted to go back to her long-term sedentary job, able to perform light work without any objective medical evidence indicating such" (Id.).

Defendant briefly summarizes that prior discussions have adequately conveyed that "the ALJ reasonably considered the medical evidence, medical opinion evidence, and other evidence in concluding that Plaintiff had the RFC to perform light-level work" (DN 17 PageID 2173). Defendant concludes by asserting "Plaintiff failed to show any evidence requiring the ALJ to limit her to sedentary work, or otherwise undermining the ALJ's decision" (Id.).

2. Discussion

As the ALJ explicitly noted,

> If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile. When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations. If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking.

(Tr. 30-31) (citations omitted). In his analysis, the ALJ refers to Appendix 2 in Plaintiff's disability determination and referred to the Rules specific to Plaintiff's RFC of light work, with the exception of never climbing ladders/ropes/scaffolds (Tr. 30). The ultimate determination, if Appendix 2 was solely used, would find Plaintiff to be "not disabled," regardless of whether her skills would be transferrable (Id.); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, R. 202.14, 202.15). If Plaintiff's contention about being restricted to a less than sedentary RFC is taken to be true, then based on Appendix 2, Plaintiff asserts that she would fall into one of the Rules classifying her as "disabled." *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, R. 201.12-201.16.

As discussed more thoroughly above, the ALJ's ultimate determination regarding Plaintiff's RFC is based on substantial evidence (*supra* pp. 15). As such, this includes the restriction placed upon the light work RFC to include never climbing ladders/ropes/scaffolds (Tr. 26). When applying the applicable law, which the ALJ correctly noted above, the information in Appendix 2 should be used as a framework for the ALJ's determination (Tr. 30-31) (citations omitted); *see also* 20 C.F.R. § 404.1569a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Sec'y of Health &

Human Servs., 820 F.2d 768, 771 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 528-529 (6th Cir. 1981).

In issuing his determination, the ALJ used Appendix 2 as a framework, as allowed by the C.F.R., in determining Plaintiff's RFC. Furthermore, the ALJ also did not extend the use of Appendix 2 beyond what was legally allowed in order to make a determination of "disabled" or "not disabled." Therefore, the ALJ's framework use of Appendix 2 was proper.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

October 15, 2020

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel